1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BART LYONS,

11              Plaintiff,                  No. 2:11-cv-0268 KJN P

12         vs.

13   FOLSOM MERCY HOSPITAL, et al.,

14              Defendants.                 ORDER

15   _____/

16         Plaintiff is a Yolo County Jail inmate who proceeds without counsel.  Plaintiff

17   seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C.

19   § 636(b)(1) and Local Rule 302.

20         Plaintiff has submitted a declaration and supporting documents that make the

21   showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis

22   will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

26   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

1   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

2   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

3   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

4   as true the allegations of the complaint in question,  id., and construe the pleading in the light

5   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

6              In his complaint, plaintiff seeks to challenge the circumstances of his arrest, on

7   January 26, 2010, by officers with the Folsom Police Department ("FPD"), and plaintiff's

8   attendant transport to Folsom Mercy Hospital ("FMH"), due to a drug overdose.  Plaintiff alleges

9   that defendant FPD Officer Browning video-recorded plaintiff without his permission, "for

10  purposes of 'showing high school students someone can go crazy from using meth. . .'" (Dkt. No.

11  1 at 3.)  Plaintiff alleges that neither FPD staff nor FMH staff stopped Browning, inferring that

12  each had a duty to do so.  Plaintiff alleges that, pursuant to his arrest, FPD officers made

13  inappropriate sexual comments to plaintiff's girlfriend, and falsely stated to plaintiff's girlfriend

14  and other individuals in the home (apparently minors) that plaintiff had burglarized homes.

15  Officers seized electronics (later returned) that were allegedly stolen.  Plaintiff alleges that

16  officers "tore up" plaintiff's home during the arrest and seizure of property.

17             Plaintiff names as defendants Browning and all other FPD officers ("names

18  unknown") involved in plaintiff's arrest, the Folsom Police Department itself, as well as Folsom

19  Mercy Hospital and all staff ("names unknown") who permitted the videotaping.  Plaintiff seeks

20  an order of court requiring Browning to turn over all copies of the video, and to name all

21  individuals who viewed the video or may have a copy of the video, and seeks monetary damages

22  against Browning, both the FPD and FMH, and each implicated FPD and FMH staff member.

23             Plaintiff only generally alleges that his rights have been violated under 42 U.S.C.

24  § 1983, "under color of state law like Ruby Ridge."  (Dkt. No. 1, at 3 (emphasis deleted).)

25  Plaintiff fails to identify which federal constitutional provisions or statutes support his claims,

26  with the exception that plaintiff alleges that the challenged videotaping constitutes a "HIPAA

1   violation." (Id.)  However, the Health Insurance Portability and Accountability Act of 1996

2   ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (1996) (codified in Titles 18, 26 and 42 of the

3   United States Code), does not provide for a private right of action.  Webb v. Smart Document

4   Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing 65 Fed. Reg. 82601 (Dec. 28, 2000);

5   Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006).

6           Plaintiff appears to seek to bring this action on behalf of himself, his girlfriend,

7   and minor children.  While a non-attorney may represent himself in a lawsuit, he has no authority

8   to appear as an attorney for another adult or for a child.  Moreover, while plaintiff's girlfriend can

9   represent herself, only a lawyer can bring an action on behalf of a minor child.  Johns v. County

10  of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

11          Finally, plaintiff states that he has not pursued these matters in the grievance

12  process offered by his place of incarceration because the "[p]arties involved have nothing to do

13  with [the] holding facilit[y's] grievance process. . ."  (Dkt. No. 1, at 2.)  However, plaintiff is

14  cautioned that exhaustion of available administrative remedies is a prerequisite to filing a federal

15  civil rights action.[1]  42 U.S.C. § 1997e(a).

16          The court finds the allegations in plaintiff's complaint so vague that it is unable to

17  determine whether the current action is frivolous or fails to state a claim for relief, particularly as

18  a prisoner civil rights action which is generally limited to challenging the conditions of a

19  prisoner's confinement.  The court has determined that the complaint does not contain a short

20  and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

21
---
22          [1] Plaintiff references his attempts to file what appears to be a claim under the California
    Tort Claims Act.  (Dkt. No. 1, at 5.)  The California Tort Claims Act requires that a state tort
23  claim against a public entity or its employees be presented to the California Victim
    Compensation and Government Claims Board within six months after the cause of action
24  accrued.  Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written
    claim and action on, or rejection of, the claim are conditions precedent to suit.  State v. Superior
25  Court of Kings County (Bodde) (2004) 32 Cal.4th 1234, 1245; Mangold v. California Pub. Utils.
    Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  However,  compliance with the California Tort
26  Claims Act does not satisfy the prisoner litigation exhaustion requirement set forth in 42 U.S.C.
    § 1997e(a), which is a precondition to a prisoner pursuing a civil rights action in federal court.

1   flexible pleading policy, a complaint must give fair notice and state the elements of the claim

2   plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

3   Plaintiff must allege with at least some degree of particularity overt acts which defendants

4   engaged in that support plaintiff's identified legal claims.  Id.  Because plaintiff has failed to

5   comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The

6   court will, however, grant leave to file an amended complaint.

7         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8   conditions about which he complains resulted in a deprivation of his own constitutional rights.

9   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  The complaint must allege in specific terms how

10   each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless

11   there is some affirmative link or connection between a defendant's actions and the claimed

12   deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

13   F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

14   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

15   268 (9th Cir. 1982).

16         If plaintiff elects to pursue this action by filing an amended complaint, he is

17   advised that all defendants must be identified in the caption of his pleading and that all

18   defendants must be named, with position and place of employment, in the section of the form

19   designated for that purpose.  Use of "unnamed" or "Doe" defendants is disfavored.  Gillespie v.

20   Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  While, in some circumstances, the discovery process

21   may be used to obtain the names of unidentified defendants, this is appropriate only when the

22   complaint makes clear factual allegations and cognizable legal claims against a particular "Doe"

23   defendant.  However, the  court cannot order service of a complaint on defendants who are not

24   identified by name.

25         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

26   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Yolo County Sheriff filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff may complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules, and this order.  An amended complaint must bear the docket number assigned to this case and be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

////

////

////

////

1       5.  The Clerk of Court is directed to send plaintiff:  (1) one copy of plaintiff's file-

2 endorsed original complaint (Dkt. No. 1) (per plaintiff's request), and (2) one blank "Form to be

3 Used by a Prisoner in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983."

4 DATED:  February 11, 2011

 

 

 

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

 

lyon0268.14.new

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BART LYONS,

11              Plaintiff,              No. 2:11-cv-0268 KJN P

12       vs.

13   FOLSOM MERCY HOSPITAL, et al.,

14              Defendants.            <u>NOTICE OF AMENDMENT</u>

15   _____/

16         Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18         _____        Amended Complaint

19

20

21   _____        _____
     Date                          Plaintiff

22
23
24
25
26