IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BART LYONS,

    Plaintiff,                      No. 2:11-cv-0268 GEB KJN P

    vs.

FOLSOM MERCY HOSPITAL, et al.,

    Defendants.               ORDER

_____/

        Plaintiff has filed a motion requesting that the court issue subpoenas to obtain documents and materials sought by defendants pursuant to a production request served on plaintiff. (Dkt. No. 42.) Plaintiff states that he does "not know of any other way to provide these things to the defense." (Id. at 2.) Plaintiff also seeks a protective order directing defendants to refrain from showing, to any third party, a video clip taken of plaintiff when he was hospitalized, and a request that defendants be ordered to identify those persons who have, to date, seen the video. (Id.)

        Plaintiff is informed that he need only produce those documents or things, responsive to a production request, that are within plaintiff's actual "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). If a requested item is not within plaintiff's "possession, custody, or control," he must say so in his response to the request, and is then not further

1

obligated to produce the item. Hence, there is no basis for issuing subpoenas in this action. Moreover, plaintiff has not demonstrated that a protective order is warranted. See Fed. R. Civ. P. 26(c) (a protective order may be issued to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," only upon good cause shown, and after the moving party has attempted in good faith to resolve the matter informally).

The court further notes that plaintiff's instant motion was not served on defendants. Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Documents are usually served by placing a copy in the U.S. Mail. If an attorney has filed a document with the court on behalf of any defendant, then documents submitted by plaintiff must be served on that attorney and not on the defendant himself. Every document submitted to the court must include a certificate that identifies the date that an accurate copy of the document was mailed to defendants or their attorney, and the address to which it was mailed. See Local Rule 135(c). The Clerk of Court cannot serve any document for any party.

More generally, plaintiff is informed that the assistance of the court should not be sought in the discovery process, unless a party believes in good faith that an opposing party has failed to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26- 37. Furthermore, discovery disputes should not be filed with the court unless, and until, they are at issue, and the parties have failed to resolve the matter on their own. See Local Rule 251 (b) (parties are required to attempt to resolve their discovery differences).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion filed April 16, 2012 (Dkt. No. 42), is denied without prejudice.

DATED: April 23, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lyon0268.disc.411.35