IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BART LYONS,

        Plaintiff,                        No. 2:11-cv-0268 GEB KJN P

    vs.

FOLSOM MERCY HOSPITAL, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, who proceeds without counsel and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. After defendants answered the complaint, the court set a discovery deadline of September 28, 2012, and a dispositive motion deadline of December 14, 2012. (<u>See</u> Dkt. Nos. 33, 36.) Presently pending is plaintiff's motion to compel discovery; defendants filed an opposition. (Dkt. Nos. 45, 46.)

        In a one-page motion, without relevant exhibits or a certificate of service on defendants, plaintiff seeks an order of this court compelling defendants to produce "any/all reports/documents/notes pertaining to this case including the arrest of myself on Jan. 26, 2010; and produce a copy of any/all video pertaining to this case and the arrest of myself on Jan. 26, 2010; and a transcript of any/all radio traffic pertaining to the arrest of myself on Jan. 26, 2010." (Dkt. No. 45.) Plaintiff also requests that this "grant a <u>Pitchess</u> motion so that [plaintiff] can

1

investigate any/all prior acts that could be deemed as relevant/similar/exact behavior prior to the incident." (Id.). Plaintiff asserts that "defendants have been given many months to comply with discovery and ha[ve] taken advantage of the plaintiff's lack of legal expertise in objecting on the grounds that they are still investigating." (Id.) Plaintiff further states that he "has exhausted all attempts to get the defendants to comply with discovery on his own . . . ." (Id.)

Defendants respond that plaintiff propounded only "one formal request for production" (Dkt. No. 46 at 2), a copy of which is attached to their opposition (see Dkt. No. 46-1). In addition to challenging plaintiff's failure to serve the instant motion on defendants, defendants assert that plaintiff never requested the items he now seeks, and did not attempt to confer with defendants before filing the instant motion.

Review of plaintiff's prior production request indicates that plaintiff expressly sought only the names and addresses of all individuals involved in his January 26, 2010 arrest, residential search, and hospitalization at Mercy Hospital. (Dkt. No. 46-1 at 4.) The remainder of the request recites the rules associated with producing documents and video and audio recordings, both privileged and unprivileged, but does not specifically request those items. Nevertheless, the court finds that such requests may reasonably be inferred in this pro se litigation. Moreover, defendants requested and obtained an extended period of discovery in this case to fully develop the record; such information should be shared with plaintiff. (Dkt. Nos. 34, 36.) For these reasons, and in light of the imminent discovery deadline, the court will require, without sanctions, that defendants produce all responsive documents and recordings, as construed herein.

Federal civil discovery is intended to serve a "vital role" in "narrow[ing] and clarify[ing] the basic issues between the parties, and . . . ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. . . . [in order] for the parties to obtain the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). These goals are particularly important in a prisoner civil rights

actions, due to plaintiff's limited legal expertise, litigation experience, and general inability to otherwise obtain relevant evidence. While prisoner civil rights actions are exempt from the initial disclosure requirements of Rule 26(a)(1), Federal Rule of Civil Procedure, a prisoner's discovery requests should be read broadly and responded to accordingly.

Plaintiff's "Pitchess motion," seeking discovery of defendant law enforcement officers' personnel files, is denied as framed. Such motions are properly directed, in the first instance, to the state trial court. See Pitchess v. Superior Court (1974) 11 Cal.3d 531. However, defendants shall include in their production any relevant, nonprivileged, information concerning the training and experience of defendant officers, that includes, if appropriate, a privilege log identifying any withheld information.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for discovery (Dkt. No. 45), is granted in part.

2. Defendants shall, within fourteen days after the filing date of this order, produce to plaintiff all relevant documents, video and audio recordings, and transcripts, related to plaintiff's January 26, 2010 arrest, residential search, and hospitalization, that are in defendants' possession, custody or control. Any recordings should be designated for temporary storage with the litigation office staff at plaintiff's place of incarceration, with whom plaintiff should make arrangements to view or listen to such recordings.

SO ORDERED.

DATED: September 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lyon0268.disc.3