IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BART LYONS,

        Plaintiff,                     No. 2:11-cv-0268 GEB KJN P

     vs.

FOLSOM MERCY HOSPITAL, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner who proceeds without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 17, 2012, this court ordered defendants to produce to plaintiff, within fourteen days, the following (Dkt. No. 48 at 3):

> . . . all relevant documents, video and audio recordings, and transcripts, related to plaintiff's January 26, 2010 arrest, residential search, and hospitalization, that are in defendants' possession, custody or control.  Any recordings should be designated for temporary storage with the litigation office staff at plaintiff's place of incarceration, with whom plaintiff should make arrangements to view or listen to such recordings.

On October 15, 2012, plaintiff filed a "motion for default judgment" and/or sanctions, signed by plaintiff on October 11, 2012, and premised on the alleged failure of defendants to produce any discovery in response to the court's order. (Dkt. No. 49.) On October 17, 2012, defendants filed an opposition, averring that they had served their responses on September 27, 2012. Defendants

1

stated (Dkt. No. 50 at 1-2):

> On September 27, 2012, Defendants complied with this Court's September 17, 2012 Order and served responses to Plaintiff's Request for Production. As Plaintiff had requested, the envelope was marked "legal mail." A copy of these responses is attached hereto as Exhibit A. [¶] Documents responsive to the requests were produced on a CD as Bates numbers FOL000001 – FOL000120. A copy of the CD label is attached hereto as Exhibit B.

Review of defendants' responses[1] indicates that their production, produced entirely by CD, consisted of 120 pages of written documents, with no video or audio recordings. Despite defendants' representations, the court is unable to determine whether plaintiff has to date

---

[1] Defendants responded as follows (Dkt. No. 50-1 (Exh. A)):

Request for Production No. 1:
All relevant documents.
Response No. 1:
Defendants produce herein Folsom Police Report Case No. 1-10-00392, pp. 1-15, Bates stamped FOL000001 - FOL000015.

Request No. 2:
Training records of Officers Browning and Lewis.
Response No. 2:
Defendants produce herein Bates stamped FOL000016-FOL000019.

Request No. 3:
Records of Plaintiff's hospitalization on January 26, 2010.
Response No. 3:
Defendants produce herein documents Bates stamp FOL000020-FOL000021; FOL000024-FOL000046.

Request No. 4:
Records of booking at Sacramento County Jail of Plaintiff on January 26, 2010.
Response No. 4:
Defendants produce herein documents Bates stamped FOL000022-FOL000023; FOL000047-FOL000120.

Request No. 5:
Video or audio recordings related to Plaintiff's January 26, 2012 arrest.
Response No. 5:
Defendants do not have in their possession any video or audio recordings related to Plaintiff's January 26, 2010 arrest. The video taken on January 26, 2010 was deleted shortly after the arrest and not used as evidence in the underlying criminal case.

received the ordered production.  However, even if plaintiff has now received the subject compact disc, defendants will be required to produce paper copies of the referenced documents.

It is axiomatic that prisoners have limited access to electronic means for reviewing discovery responses.  The court's directive concerning such access was limited to video and audio recordings, which cannot be reviewed by any other means.  Litigation documents are more accessible and useful to a prisoner when produced in written form rather on a compact disc.  As this court has repeatedly noted, defendants requested and obtained an extended period of discovery in this case for the alleged purpose of fully developing the record.  The record must be equally accessible to plaintiff.

Accordingly, for good cause shown, IT IS HEREBY ORDERED that:

1. Plaintiff's "motion for default judgment" and/or sanctions (Dkt. No. 49), is denied without prejudice.

2. Defendants shall, within seven days after the filing date of this order, serve plaintiff with actual copies of the documents Bate-stamped FOL000001 - FOL000120, and simultaneously file a declaration with the court demonstrating such service.  Defendants shall also address whether plaintiff was provided with any video or audio recordings.

SO ORDERED.

DATED:  October 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lyon0268.disc.frthr